173 A.3d 1092

IN THE MATTER OF PAUL FRANKLIN CLAUSEN, AN
ATTORNEY AT LAW (ATTORNEY NO. 015951982)

D–178 September Term 2016
079640

December 8, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its
decision in DRB 16–426, concluding on the record certified to the
Board pursuant to Rule 1:20–4(f) (default by respondent), that
**PAUL FRANKLIN CLAUSEN of CLINTON,** who was admitted
to the bar of this State in 1982, should be suspended from the
practice of law for a period of three years for violating RPC
1.15(a)(commingling of funds), RPC 1.15(d)(failure to comply with
recordkeeping requirements and disbursing trust account checks
against uncollected funds), RPC 3.3(a)(1)(false statement of mate-
rial fact or law to a tribunal), RPC 3.3(a)(5)(candor toward a
tribunal), RPC 8.1(a)(false statements to disciplinary authorities),
RPC 8.1(b)(failure to cooperate with disciplinary authorities), RPC
8.4(c)(conduct involving dishonesty fraud, deceit, or misrepresenta-
tion), and RPC 8.4(d)(conduct prejudicial to the administration of
justice);

And the Disciplinary Review Board having further determined
that respondent should be required to complete courses in law
office management and ethics, and the after reinstatement he
should be required to submit to the Office of Attorney Ethics
monthly trust account reconciliations of his attorney trust account,
on a quarterly basis, for a period of two years;

And good cause appearing;

It is ORDERED that **PAUL FRANKLIN CLAUSEN** is sus-
pended from the practice of law for a period of three years,
effective January 8, 2018, and until the further Order of the Court;
and it is further

ORDERED that respondent shall enroll in and successfully complete a course in law office management and a course in ethics, and submit proof thereof to the Office of Attorney Ethics; and it is further

ORDERED that after reinstatement to practice, respondent shall submit to the Office of Attorney Ethics monthly reconciliations of his attorney trust account, on a quarterly basis, for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with Rule 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to Rule 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20–17.